(No. 709—Claim denied.)

MARY O'BRIEN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 16, 1924.*

STATUTE OF LIMITATIONS—*when a defense.* Claimant must file his claim within a reasonable time in order that the tax payers may have notice of whatever liability, if any, exists against them.

MUNICIPAL CORPORATION—*State not liable for negligence of.* The State is not liable for an injury sustained by claimant who by reason of an accumulation of ice and snow upon a sidewalk, fell and was injured—the sidewalk being under the control of a municipal corporation.

SAME—*social justice and equity—when court without jurisdiction.* In a claim of such character the Court of Claims Act does not confer jurisdiction upon the Court to allow it under the rule of social justice and equity.

Goss & ROONEY, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim filed on account of alleged injury of the claimant, who slipped and fell on an accumulation of ice and snow upon the sidewalk at a point along West Jackson boulevard in Chicago, Illinois, on the 19th day of January, 1918.

It appears that claimant instituted her suit for damages in the Circuit Court of Cook County; that said suit was dismissed on the ground that said sidewalk was under the control of the West Park Commissioners.

The claimant filed this claim on June 30, 1922, and it has been urged by the State that a great deal of time has elapsed before the claim was filed in this court, setting up as a contention the position of this court as heretofore taken that demands against the State should be filed within a reasonable time so that the taxpayers may know whatever liability may be determined against them at the earliest possible moment.

It is the opinion of this court that independent of the question of the Statute of Limitations, that as a matter of law, the demurrer of the defendant should be sustained and therefore the same is sustained.

The court is further of the opinion that it has not been heretofore the practice of this court to make an allowance in a case of this character on the ground of equity or social justice, and it is further the opinion of the court that under the Act creating it, it was not intended that the court would have the power to make awards in a case of this character, and as it has been held heretofore by this court that in taking jurisdiction of these classes of cases it would open up the way of an endless number of claims and place an obligation upon the State and the taxpayers that in the mind of this court was not intended by the legislature in the Act that brought the court into being.

Therefore, for the reasons stated, this court is of the opinion that the State is not liable either as a matter of law or under the rule of equity and social justice. The claim is therefore disallowed.